MARIAN STEWART HONEYMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27792. Promulgated September 24, 1931.

*Robert B. Honeyman, Esq.,* for the petitioner.
*J. A. Adams, Esq.,* and *Frank A. Surine, Esq.,* for the respondent.

## OPINION.

MURDOCK: Since the mailing of the deficiency notice the Revenue Act of 1928, containing section 703, has been enacted. The petitioner is entitled to deduct the Federal estate tax of $47,400.77 under that section if it was paid in 1924. See *Robert B. Honeyman, Jr.*, 24 B. T. A. 126. In 1923 and 1924 the petitioner's books were kept and her income was reported on the basis of cash received and disbursed. She delivered her check and some Liberty bonds to the Collector in payment of the tax. She probably thought she had paid the tax and a deduction was taken in the joint return filed for that year. But the tender was not accepted by the Government in 1923 and it was not until late in 1924 that the same or similar bonds were accepted and the tax actually paid. This settlement was adjusted to November, 1923, but to one on a cash basis a payment can not be dated back. The Government would not accept payment of the tax in 1923. How can it successfully contend now that payment was made in that year for the purpose of a deduction under section 703? The petitioner claimed the deduction for each year and the Commissioner disallowed it in each. Now the petitioner seeks to take

the deduction in 1924 rather than in 1923, probably because it will offset more income in 1924 than in 1923. The bonds were hers in 1924, and only in that year were they accepted by the Government. The disbursement was made in 1924. We hold for the petitioner.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*